```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11  ROBERT McCAFFREY, et al.,              No. C 03-2082 WWS
12          Plaintiffs,
13      v.                                 MEMORANDUM OPINION
                                           AND ORDER
14  BROBECK, PHLEGER & HARRISON,
    L.L.P.; MORGAN, LEWIS & BOCKIUS;
15  and DOES 1-99,
16          Defendants.
                                    /
17
```

18    Defendant Morgan, Lewis & Bockius ("Morgan Lewis") moves for summary judgment on
19 plaintiffs' claims that Morgan Lewis is liable for having failed to give plaintiffs the notice required by
20 federal and state law prior to their termination. Plaintiffs Robert McCaffrey, Neil Holloway, Tamara
21 Frankhouser, Sandra Moore, Barbara Chaney, Clare M. Huntenburg, Charlene A. Carnell, Lynn
22 Clecker, Lynette L. Craig-Harris, Querlyn Esther Moron, Jean A. Ramos, Patricia English, Cindy
23 Milton, Dennis Grasser, Lisa L. Holland, Christopher Alksnis, Terry Ziegler, Kathleen McWilliams,
24 Laurence W. Tinsley, David Liebendorfer, Linda L. Turner, Katherine Wood, Chris Bender, Steven S.
25 White, Mark Hartwell, Regina I. Rodriguez, James K. Lewis, Jayne Loughry, Elizabeth Hartwood,
26 Cheryl Hamill, Hector Carlos, Leslie H. Evans, Kevin M. Collins, Jorge Molina, Alana Searle, Mark
27 Bevans, George Byron, Imberly L. Vinal, Kirstin Wolf, Roberta Weathers, and Jill C. Youkel oppose
28 the motion.

The court, having considered the papers filed by the parties and heard the argument of counsel, GRANTS Morgan Lewis's motion for summary judgment on all of plaintiffs' claims.

## BACKGROUND

Plaintiffs are former employees of defendant Brobeck, Phleger & Harrison, L.L.P. ("Brobeck"), who were terminated from their jobs on February 14, 2003, as a result of Brobeck's decision to dissolve the partnership. Plaintiffs contend that they were entitled to, but did not receive, sixty days' advance notice of their impending termination pursuant to the federal Worker Adjustment and Retraining Notification (WARN) Act, 29 U.S.C. § 2101 et seq., (the Act) and its California counterpart, California Labor Code § 1400 et seq. Plaintiffs also assert a claim against Morgan Lewis under California Business and Professions Code § 17200.

Plaintiffs allege that Morgan Lewis is Brobeck's purchaser and/or successor and/or was their employer at the time of the termination of their employment and is, therefore, liable for having failed to give the requisite notice prior to that termination.[1] In support of this contention, plaintiffs point to the following undisputed evidence. Fifty-seven of the approximately 170 former Brobeck partners became Morgan Lewis partners as of February 12, 2003. Morgan Lewis hired approximately 100 former Brobeck associates and 150 former Brobeck staff members on February 12, 13, and 14, 2003. On February 13, 2003, Morgan Lewis executed a letter agreement with Equities Office Properties, Brobeck's landlord, to lease the space at the One Market premises in San Francisco, where Brobeck had its offices; the letter agreement set the rent to be paid by Morgan Lewis for the period beginning February 12, 2003. Morgan Lewis also entered into a Purchase and Transition Agreement (PTA) with Brobeck, effective February 14, 2003. Under that agreement, Morgan Lewis purchased all of the furniture, fixtures and equipment (FFE), and personal property owned by Brobeck and located at the One Market premises; Morgan Lewis purchased a license to use and create derivative works of all information available on Brobeck's intranet, including all form agreements, as well as all information

---

[1] Plaintiffs also asserted claims against defendant Brobeck. Brobeck moved to dismiss the complaint or for summary judgment, but because it is currently in bankruptcy proceedings, the claims against it are automatically stayed pursuant to 11 U.S.C. § 362.

available on Brobeck's internal document management system, other than client information for which Morgan Lewis had not obtained access permission; and Brobeck agreed to continue to provide various telecommunication services to Morgan Lewis employees previously employed by Brobeck. Morgan Lewis issued a press release on February 13 announcing that it was "significantly expanding on the West Coast" by hiring over 150 former Brobeck lawyers and emphasizing the continuity of client relationships made possible by the transition of a large group of Brobeck lawyers to Morgan Lewis. Several former Brobeck employees assert that Morgan Lewis began to conduct business at the One Market premises no later than February 12.

Morgan Lewis previously moved for summary judgment on all of plaintiffs' claims. The court (Wilken, J.) granted Morgan Lewis's motion in part, rejecting the federal WARN Act claim to the extent it was based on the doctrine of successor liability or on Morgan Lewis's being Brobeck's alter ego. The court denied Morgan Lewis's motion, in part, holding that a reasonable jury could find Morgan Lewis liable as a purchaser of part or all of Brobeck's business. As to the state WARN Act claim, the court held that Morgan Lewis could not be held liable as plaintiffs' employer but might be held liable as Brobeck's successor. Because plaintiffs' § 17200 claim is derivative of its federal and state WARN Act claims, the court denied Morgan Lewis's motion for summary judgment on that claim as well. The court granted summary judgment for Morgan Lewis on plaintiffs' claim for an equitable lien pursuant to *Jewel v. Boxer*, 156 Cal. App. 3d 171 (1984).[2] Morgan Lewis now moves for summary judgment on plaintiffs' remaining federal and state WARN Act claims and on plaintiffs' § 17200 claim.

**LEGAL STANDARD**

"[Summary] judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to

---

[2]*Jewel v. Boxer* holds that absent a partnership agreement to the contrary, all attorneys' fees received on work in progress after the dissolution of a partnership are to be shared by the former partners in accordance with their right to fees in the dissolved partnership. The Brobeck partners, in amending their partnership agreement as part of their dissolution, specifically agreed that each Brobeck partner could bring ongoing work to his or her new law firm. Plaintiffs did not oppose the motion directed at this claim.

1 interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine
2 issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
3 FED. R. CIV. PROC. 56(c).  "Rule 56(c) mandates the entry of summary judgment, after adequate time
4 for discovery . . . against a party who fails to make a showing sufficient to establish the existence of an
5 element essential to that party's case, and on which that party will bear the burden of proof at trial."
6 *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

7       The moving party bears the initial burden of demonstrating the absence of a genuine issue of
8 material fact.  *Celotex,* 477 U.S. at 323.  The court draws all reasonable inferences in favor of the
9 nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
10 The moving party may discharge its burden of showing that no genuine issue of material fact remains by
11 demonstrating that "there is an absence of evidence to support the nonmoving party's case."  *Celotex,*
12 477 U.S. at 325.  The burden then shifts to the nonmoving party to produce "specific evidence, through
13 affidavits or admissible discovery material, to show that the dispute exists."  *Bhan v. NME Hosp., Inc.*,
14 929 F.2d 1404, 1409 (9th Cir.), *cert. denied*, 502 U.S. 994 (1991).

15 **DISCUSSION**

16 **I.   FEDERAL WARN ACT CLAIM**

17       The federal WARN Act requires an employer to give sixty days' advance notice before any
18 "plant closing" or "mass layoff" that causes an "employment loss."  29 U.S.C. §§ 2101(a)(2), (3),
19 2102(a).  The Act provides that an employer shall not order a plant closing or mass layoff until the end
20 of the sixty-day period after the employer serves written notice of such an order on each affected
21 employee.  29  U.S.C. § 2102(a).  An employer who orders a plant closing in violation of § 2102 is
22 liable for back pay and benefits to each employee who suffers a resulting employment loss.  29 U.S.C.
23 § 2104. Section 2101(b) provides for the allocation of responsibility for giving notice between the
24 buyer and seller of a business.  It states, in relevant part, that

25 > in the case of a *sale of part or all of an employer's business* the seller shall be responsible for providing notice . . . up to and *including the effective date of the sale.*
26 > *After the effective date of the sale* of part or all of an employer's business, the purchaser shall be responsible for providing notice.
27

28 29 U.S.C. § 2101(b) (emphasis added).

Morgan Lewis advances two contentions: First, that it was not responsible for giving notice under the Act because it did not purchase "part or all of an employer's business," and, second, even if it did, it did not become responsible for giving notice because the employees were terminated on the effective date, not afterward.

*A.     Purchase of Brobeck's Business*

In denying Morgan Lewis's prior motion, the court concluded that whether there was a sale of all or part of a business within the meaning of the Act was a question of fact. Morgan Lewis argues that extensive discovery since the prior ruling demonstrates that no assets were transferred from Brobeck to Morgan Lewis other than the FFE, an insignificant part of Brobeck's assets. It argues further that its taking on of Brobeck partners, hiring of Brobeck employees, leasing of office space and retention of former clients were the outcomes of discreet individual transactions, not a purchase of a part of the business. However, as the court's prior order found, Morgan Lewis did more than purchase a relatively small quantity of tangible assets:

> It leased Brobeck's former premises, purchased access to Brobeck's informational infrastructure, obtained access to Brobeck's client files, and emphasized lawyer continuity in press releases geared toward convincing Brobeck's clients to become Morgan Lewis clients . . . . Morgan Lewis did put together a series of transactions that allowed many of the same lawyers to practice law using much of the same infrastructure with the explicit hope that this would allow it to acquire Brobeck's clients.

Order, 2/17/04 at 7. Considering these facts in light of the functional understanding of the Act's "sale of part or all of an employer's business" language adopted by the Ninth Circuit in *International Alliance of Theatrical & Stage Employees & Moving Picture Machine Operators v. Compact Video Services, Inc.*, 50 F.3d 1464, 1467 (1995), the court reached the conclusion that a reasonable trier of fact could determine that there was a "sale of part or all of [Brobeck's] business" within the meaning of 29 U.S.C. § 2101(b). Nothing has been presented on the instant motion to lead the court to alter its prior conclusion.

*B.     Effective Date of Sale*

Assuming it were found that there was a sale of part or all of Brobeck's business, Morgan Lewis's liability under the Act turns on whether it became responsible for giving notice of their termination to the employees. The Act provides that the seller shall be responsible "up to and including

5

the effective date of the sale." In their PTA, the parties specifically provided for the effective date of their transaction; the PTA states that it is "Dated as of February 14, 2003 (the 'Effective Date')." Brobeck gave notice of termination to all personnel on February 12, 2003, two days before the stipulated effective date of the sale. The notice advised personnel that their last day of work would be February 14, 2003. If Morgan Lewis purchased part or all of Brobeck's business, the effective date of that purchase was February 14 and under the Act, Brobeck remained responsible for giving notice "up to and including the effective date."

    The terms of the PTA are significant because, in addition to providing for the purchase of FFE, they furnish the indicia summarized in the preceding section of this Order on which plaintiffs rely in contending that the transaction was a sale of the business, not merely of insignificant assets. If there was a sale of Brobeck's business, the PTA served the purpose of ensuring its uninterrupted operation. Its terms must therefore be given effect.

    Plaintiffs argue, however, that the evidence establishes that the purchase took place before the mass layoff became effective on February 14, thus making Morgan Lewis responsible for providing notice under the WARN Act. They argue that the effective date of the sale was February 12, when Morgan Lewis voted to admit some sixty of Brobeck's partners (with the expectation that they would bring along some or all of their clients). While this group may have been admitted en masse, each partner's move to Morgan Lewis was his or her individual decision (as was that of individual clients). Thus, their admission cannot be considered a sale of a business within the meaning of the WARN act.

    Alternatively, plaintiffs argue that the purchase occurred before they were actually terminated because the PTA was executed before February 14 and payment for the FFE occurred before the end of the business day on February 14. Thus, they say, for a matter of hours they sat on Morgan Lewis chairs and worked with its equipment. Plaintiffs contend that the Department of Labor has interpreted the Act to mean that the obligation to notify employees under the WARN Act shifts from seller to buyer not after the effective date of sale, but at the effective *time* of sale. 20 C.F.R. § 639.4(c). Relying on this regulation, cited in dictum in *Oil, Chemical & Atomic Workers International Union v. CIT Group/Capital Equipment Financial, Inc.*, 898 F. Supp. 451, 456 n.6 (S.D. Tex. 1995), plaintiffs argue that because Brobeck's FFE was to be exchanged for payment of $2.1 million "not later than

6

1  2:00 p.m. California time on the Effective Date," Morgan Lewis became responsible for notice at 2:00
2  p.m. on February 14, rather than the next day. This argument, too, must be rejected "because it is
3  contrary to the plain language of the terms of the statute." *Burnsides v. MJ Optical, Inc.*, 128 F.3d
4  700, 703 (8th Cir. 1997). As that court held, "[u]nder § 2101(b), the seller is the party responsible for
5  giving notice during the effective date of the sale, and the asset purchase agreement declared it was
6  'effective [the] 7th day of May.'" *Id.* Here, the effective date fixed in the PTA was February 14 and
7  Brobeck thus remained responsible for notice to its employees up to and including February 14.

8        Finally, plaintiffs contend that Morgan Lewis became their employer on or about February 1,
9  2003, and thus assumed the notice obligation under the Act at that time. The court previously
10 considered and rejected this argument, finding no evidence that Morgan Lewis ever entered an
11 employer relationship with plaintiffs. After further discovery, plaintiffs still fail to present evidence of
12 such a relationship. Plaintiffs base their argument on evidence that partners who joined Morgan Lewis
13 received a full "draw" of anticipated profits for the month of February 2003. However, there is no
14 evidence that Morgan Lewis ever paid any of the plaintiffs or exercised any control over their work.
15 *See, e.g., Hale v. Arizona*, 993 F.2d 1387, 1394 (9th Cir.), *cert. denied,* 510 U.S. 946 (1993)
16 (holding that factors indicative of employment include having the power to hire and fire, to control work
17 schedules and conditions, to determine pay, and to maintain employment records).

18 **II.    CALIFORNIA LABOR ACT CLAIM**

19       Plaintiffs also contend that Morgan Lewis is liable as a successor to Brobeck under California
20 law.[3] In its prior ruling, the court rejected the claim under California Labor Code §1401(a), which
21 imposes liability on the employer, on the ground that, as previously discussed, there is no evidence
22 Morgan Lewis ever entered into an employment relationship with plaintiffs. The court acknowledged

---

[3] It should be noted that since his appointment, the bankruptcy Trustee has pursued various claims on behalf of the Brobeck Estate and has evaluated claims against Morgan Lewis, including a claim that Morgan Lewis may be a successor to Brobeck. The Trustee ultimately concluded that a successor claim against Morgan Lewis would not be supported by the facts. While the Trustee's determination is not dispositive of the issue, it is significant that the party with perhaps the greatest interest in pursuing such a claim has determined that the evidence fails to support such a claim.

that liability under the California Act can be imposed on Morgan Lewis only if it can be found to be Brobeck's successor.

A purchaser of a business will not be held liable as a successor unless it purchases the "principal assets" of another corporation and the facts fit into one of four exceptions to the general rule of nonliability for purchasing entities. *Maloney v. Am. Pharm. Co.*, 207 Cal. App. 3d 282, 287 (1988) (citing *Ray v. Alad Corp.*, 19 Cal. 3d 22, 28 (1977)). Assuming, without deciding, that Morgan Lewis purchased the "principal assets" of Brobeck, the transaction does not fit into any of the four exceptions to successor liability.

The purchaser of the principal assets of another corporation does not assume the seller's liabilities unless: (1) there is an express or implied agreement of assumption; (2) the transaction amounts to a consolidation or merger of the two corporations; (3) the purchasing corporation is a mere continuation of the seller; or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts. *Ray*, 19 Cal. 3d at 28. There is no evidence that Morgan Lewis agreed to assume Brobeck's debts or liabilities; or that it paid inadequate consideration for what it purchased,[4] or that the purchase was for the purpose of escaping liability for Brobeck's debts. *Franklin v. USX Corp.*, 87 Cal. App. 4th 615, 625 (2001). Nor can Morgan Lewis's admission of a group of Brobeck partners and its acquisition of the FFE be found to be a consolidation or merger of the two firms or to make Morgan Lewis a mere continuation of Brobeck.

**III.  SECTION 17200 CLAIM**

Because plaintiffs' § 17200 claim is derivative of their federal and state WARN Act claims, it follows that summary judgment in favor of Morgan Lewis must be rendered on plaintiffs' § 17200 claim.

**CONCLUSION**

---

[4]The PTA was an arm's-length negotiation between Brobeck, Morgan Lewis, and Citibank. One of the negotiators for Citibank stated that the $2.1 million price paid by Morgan Lewis for Brobeck's FFE was a "very fair price," and one that Citibank and Brobeck could not have obtained in an open market auction. Brobeck's Trustee also attested to the adequacy of the $2.1 million price paid by Morgan Lewis for Brobeck's assets.

1   Morgan Lewis has demonstrated that there is an absence of evidence to support plaintiffs'
2 claims. *Celotex*, 477 U.S. at 325.  After discovery, plaintiffs have failed to produce evidence raising a
3 material dispute of fact.  *Bhan*, 929 F.2d at 1409.  Morgan Lewis's motion for summary judgment
4 must therefore be **GRANTED** and the case **DISMISSED**.

**IT IS SO ORDERED**.

DATED: April 27, 2005

/s/
WILLIAM W SCHWARZER
SENIOR UNITED STATES DISTRICT JUDGE